UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MAINE

| | |
|---|---|
| MARY RAY, | ) |
|     Plaintiff | ) ) ) Case No.: |
| v. | ) |
| BLUESTEM BRANDS, INC. d/b/a FINGERHUT, | ) COMPLAINT AND DEMAND FOR ) JURY TRIAL ) ) |
|     Defendant | ) |

## COMPLAINT

MARY RAY ("Plaintiff"), by and through her attorneys, alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See <u>Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Maine and, as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Portland, Maine.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

1

PLAINTIFF'S COMPLAINT

7. Defendant is a company with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153 (39).

9. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all times relevant hereto, Plaintiff maintained a cellular telephone.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around January 2017 and continuing through around May 2018, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was using an automatic telephone dialing system and/or automatic and/or pre-recorded messages as she would be greeted with a discernible delay or pause with no caller on the line prior to speaking to Defendant's representatives.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Shortly after the calls started, Plaintiff first told Defendant to stop calling her.

17. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making additional calls, nor was there any good faith reason to place calls.

18. Defendant heard and acknowledged Plaintiff's demand to stop calling her cellular telephone number.

19. Nevertheless, Defendant persisted in calling Plaintiff on her cellular telephone multiple times per day thereafter.

20. Plaintiff found Defendant's calls to be invasive, harassing, frustrating, aggravating, and upsetting.

21. Upon information and belief, Defendant conducts its business in a manner that violates the TCPA.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. After Defendant was told to stop calling it knew or should have known that any consent to call it thought it had was revoked.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARY RAY, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

[THIS PORTION OF THE PAGE WAS INTENTIONALLY LEFT BLANK]

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARY RAY, demands a jury trial in this case.

Respectfully submitted,

Jacob U. Ginsburg, Esq.
Kimmel & Silverman, PC
30 E. Butler Ave
Ambler, PA 19002
(215) 540-8888 ext. 105
jginsburg@creditlaw.com
Attorneys for Plaintiff *pro hac vice*

Regan A. Sweeney, Esq.
The Law Offices of Regan A. Sweeney, PLLC
70 Winter Street
Portland, ME 04102-3852
(207)370-0720
Local counsel for Plaintiff , ME Bar No.: 005136

DATED: September 12, 2019

PLAINTIFF'S COMPLAINT